FILED
Jun 01, 2022
08:04 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **BENJAMIN GRISSOM,** | ) | **Docket No. 2021-05-0400** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **AT&T SERVICES, INC.,** | ) | **State File No. 58242-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on May 19, 2022, to determine whether Mr. Grissom is entitled to additional medical benefits, specifically payment for treatment for his right suprascapular neuropathy and reimbursement of his out-of-pocket medical expenses. The Court finds the evidence supports Mr. Grissom's contention that his suprascapular neuropathy was primarily caused by his work accident. Therefore, the Court holds that he is likely to prevail at a hearing on the merits.

### History of Claim

The parties agreed that Mr. Grissom suffered a compensable right-shoulder injury on August 26, 2020. AT&T provided medical benefits, including treatment by panel physician Dr. James Rungee. Dr. Rungee's treatment included arthroscopic surgery for a partial-thickness rotator cuff tear.

Mr. Grissom testified his symptoms included a burning pain from his neck down to his fingers that he reported to Dr. Rungee at the outset of his treatment. However, Dr. Rungee's notes do not mention radiating pain or tingling until March 1, 2021, about four months after the shoulder surgery. At that time, Dr. Rungee recommended an EMG, which showed possible borderline cubital tunnel syndrome but no other radiculopathy or

1

neuropathy. He recommended a cervical MRI but suggested that it would "not appear to be part of this current claim."

Counsel for the parties then discussed Mr. Grissom's request that AT&T authorize a return to Dr. Rungee to address treatment or evaluation of his possible cervical condition. Counsel for Mr. Grissom advised that Mr. Grissom would seek unauthorized treatment if AT&T did not provide it. Mr. Grissom also personally asked AT&T for additional treatment, which AT&T refused.

A couple of months later, Mr. Grissom began seeing Dr. John Dorizas. After another EMG and a new MRI, Dr. Dorizas diagnosed suprascapular entrapment neuropathy. He recommended a nerve block, which provided temporary relief. Dr. Dorizas later performed a suprascapular nerve release operation.

As noted above, Mr. Grissom testified about pain in his arm that failed to improve after Dr. Rungee's operation. He also began noticing numbness and tingling in his hand. These symptoms were so severe that he worried he would not be able to return to his former work. Since Dr. Dorizas's surgery, he feels "a million times better." Mr. Grissom said his full range of motion has returned, he has no pain or numbness, and he feels normal again.

Mr. Grissom sent Dr. Dorizas questionnaires asking about his treatment and the cause of his condition. The doctor's responses stated that Mr. Grissom's suprascapular neuropathy was "causally related" to his work injury "by greater than 50% considering all causes," as was the need for the second EMG and the surgery. He added, "It is likely . . . that irritation of his [suprascapular nerve] may have been the primary cause of symptoms from the beginning." Dr. Dorizas also testified that the charges for treatment were causally related to the work injury and were medically necessary and reasonable.

At the conclusion of the hearing, Mr. Grissom requested payment of his medical bills and reimbursement of his expenses. He relied on Dr. Dorizas's opinion to establish medical causation and argued that it was the only medical proof presented on that issue. AT&T contended that Mr. Grissom was not entitled to payment because Dr. Rungee's opinion on causation is presumed correct and Dr. Dorizas's opinion is based upon a standard that is no longer valid under current law.

### Findings of Fact and Conclusions of Law

For the Court to grant Mr. Grissom's requests, he must prove he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

2

*Causation*

To prove that his suprascapular neuropathy is a compensable injury, Mr. Grissom must show that it arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14).

Applying this standard to Mr. Grissom's claim, the Court disagrees with Mr. Grissom's argument that only one medical causation opinion exists. However, it finds that only one *relevant* opinion was offered. Dr. Rungee did not address whether the need for treatment of suprascapular neuropathy was primarily caused by the work injury. Instead, he attributed Mr. Grissom's symptoms to a possible cervical injury that "does not appear to be part of this current claim for his right shoulder labral repair." Because Mr. Grissom's problem was shown to be in his shoulder, not his neck, Dr. Rungee's opinion about cervical problems is either irrelevant (and thus not entitled to the presumption of correctness) or substantially outweighed by the other medical proof.

That proof is the opinion of Dr. Dorizas, who diagnosed and successfully treated Mr. Grissom's suprascapular neuropathy. He stated that the condition was "causally related" to his work injury "by greater than 50% considering all causes."

AT&T argued that Dr. Dorizas's opinion was insufficient to establish causation because he used "likely" and "may have been" in his response. It claimed the use of this language does not meet the current statutory requirement of proving causation or, in the alternative, is insufficient to overcome the presumption attached to Dr. Rungee's opinion.

The Court finds this argument unpersuasive because it mischaracterizes what the doctor said, which was, "It is likely . . . that irritation of his [suprascapular neuropathy] may have been the primary cause of symptoms from the beginning." This is not a comment on the cause of the condition. Instead, the doctor, who had already said the work injury was the primary cause of the neuropathy, was not talking about medical causation but was commenting on the possibility that the neuropathy might have been present but undiagnosed and untreated by Dr. Rungee.

For these reasons, the Court finds Dr. Dorizas's unrebutted opinion sufficient to support Mr. Grissom's claim that his work injury was the primary cause of his suprascapular neuropathy. Therefore, the Court holds that he is likely to prove entitlement to treatment for these conditions.

*Medical Benefits*

The Workers' Compensation Law requires an employer to provide reasonable, necessary treatment at no cost to the injured worker. Tenn. Code Ann. § 50-6-204. Because the Court has found Mr. Grissom likely to prove causation for his suprascapular neuropathy, it must consider his request for payment of unauthorized medical treatment.

An employer may be required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury as required by section 50-6-204. Whether an employee is justified in seeking additional medical services to be paid for by the employer depends on the circumstances of each case, but an "employee [should] do no less than to consult [the] employer before incurring expenses called for by the statute if the employee expects the employer to pay for them." *Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016).

Both Mr. Grissom and his attorney advised AT&T that Dr. Rungee had recommended further evaluation or treatment, and they requested AT&T to authorize it. Counsel specifically told AT&T's attorney that Mr. Grissom would have to seek unauthorized treatment if it did not approve the additional treatment with Dr. Rungee or provide another doctor. Under the circumstances, the Court finds Mr. Grissom was justified in seeking treatment on his own. Therefore, AT&T must provide future medical treatment with Dr. Dorizas and pay Mr. Grissom's medical providers and/or health insurer under the fee schedule for treatment of his suprascapular neuropathy.

Mr. Grissom presented unrebutted evidence of reasonable and necessary medical expenses for his treatment of his suprascapular neuropathy, as well as evidence of his personal payment of some of those costs. The total amount of these out-of-pocket payments is $1,902.14.

**IT IS, THEREFORE, ORDERED** as follows:

1. AT&T shall continue to provide medical benefits, including treatment with Dr. Dorizas, for Mr. Grissom's suprascapular neuropathy.

2. AT&T shall reimburse Mr. Grissom's health insurer for payments to Dr. Dorizas and any other providers for his suprascapular neuropathy treatment or pay the providers directly. All payments or reimbursements shall be subject to the fee schedule.

3. AT&T shall reimburse Mr. Grissom for his out-of-pocket payments in the amount of $1,902.14.

4. Mr. Grissom's attorney is entitled to a twenty-percent fee from the reimbursement under Tennessee Code Annotated section 50-6-226(a)(1), or $380.43.

5. A status hearing will take place on **July 27, 2022, at 9:30 a.m. Central Time.** The parties must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call might result in a determination of issues without your participation.

6. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 1, 2022.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Grissom's affidavit
2. Documents attached to Employee's Exhibit List
3. Documents attached to Employee's Supplemental Exhibit List

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Pre-Hearing Brief
5. Employee's Exhibit List
6. Employee's Supplemental Exhibit List
7. Employer's Response in Opposition to Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on June 1, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Stephan D. Karr, Employee | | | X | steve@flexerlaw.com |
| Charles E. Pierce, Employer's Attorney | | | X | cepierce@mijs.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

   If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**

**Appellant(s)** (Requesting Party): _____   ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.


_____
*[Signature of appellant or attorney for appellant]*